UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

TERRY A. BURLISON,

          Plaintiff,

v.                                       Case No.  5:07-cv-302-Oc-10GRJ

KAREN J. ROGERS, individually and as a
Marion County Court Clerk, MARION COUNTY
FLORIDA,

          Defendants.
_____/

## REPORT AND RECOMMENDATION[1]

Pending before the Court is Plaintiff's Affidavit of Indigency (Doc. 2), which the Court will treat as a motion for leave to proceed *in forma pauperis*. For the reasons discussed below, Plaintiff's Motion to Proceed *In Forma Pauperis* should be **DENIED** and Plaintiff's Complaint should be **DISMISSED.**

## I. BACKGROUND AND FACTS

This case is an action brought by Plaintiff against Karen J. Rogers, individually and as clerk of the Marion County Court, and against Marion County, under 42 U.S.C. § 1983 for damages in the sum of $3,500,000 dollars purporting to allege a violation of Plaintiff's due process rights under the Fourteenth Amendment of the United States Constitition stemming from the suspension of Plaintiff's driver's license as a consequence of his county court conviction for a traffic violation.

---

[1] Specific written objections may be filed in accordance with 28 U.S.C. § 636, and Rule 6.02, Local Rules, M.D. Fla., within ten (10) days after service of this report and recommendation. Failure to file timely objections shall bar the party from a *de novo* determination by a district judge and from attacking factual findings on appeal.

The following material details are disclosed by the allegations in Plaintiff's Complaint and the attachments thereto. (Doc. 1.)  Judgment was entered against Plaintiff on October 20, 2006 in a traffic proceeding in the County Court , In and For Marion County, Florida in the matter styled *State of Florida v. Terry Burlison*, case no. 06-28194-TR. In its judgment the Court ordered  Plaintiff to attend traffic school and pay a fine. On November 3, 2006, Plaintiff filed a document titled, "Motion to Vacate," which the clerk interpreted as an appeal from the judgment.

While the appeal was pending before the Appellate Division of the Circuit Court for the Fifth Judicial Circuit, the State of Florida, Division of Motor Vehicles, on February 23, 2007 issued an "Order of License Revocation, Suspension, or Cancellation," suspending Plaintiff's driver license for failure "to attend driver improvement school as required by the County Court, Marion County, Florida..." The Order further provided that Plaintiff may avoid the suspension by contacting the court and meeting their requirements, and sending any fines to the Marion County Clerk's office.

## II.  DISCUSSION

Prior to determining whether Plaintiff qualifies to proceed *in forma pauperis,* the Court is required, pursuant to 28 U.S.C. §1915(e)(2), to review Plaintiff's Complaint for sufficiency. Section 1915(e) provides, in pertinent part, that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that...the action or appeal – (I) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  Although district courts must apply a "less stringent standard" to the pleadings submitted by a  *pro se* plaintiff, even a

*pro se* litigant must allege the essential elements of the claims for relief.[2]

Section 1983 of the United States Code is the exclusive federal damages remedy for claims alleging a violation of federal or constitutional rights against state actors. Essential to sustaining an action under §1983 are the presence of two elements. A plaintiff must demonstrate that: (1) he suffered a deprivation of "rights, privileges or immunities secured by the Constitution and laws" of the United States; and (2) the act or omission causing the deprivation was committed by a person acting under color of law.[3] Here, even viewing the Complaint in the light most favorable to Plaintiff, the Court concludes that the action is due to be dismissed because Plaintiff cannot state a cause of action under §1983 for violation of his due process rights against either Rogers, individually, or against Marion County.

The critical flaw in Plaintiff's complaint is that it is premised upon the suspension of his Florida driver's license as a consequence of his failure to attend driver improvement school as ordered by the County Court - conduct which is legally insufficient to support a claim against Rogers, individually, or against Marion County[4] for violation of Plaintiff's substantive or procedural due process rights.

---

[2] Tigner v. Internal Revenue Service, No.:1:99-CV-789-TWT, 2000 WL 641614, *1 (N.D. Ga. March 24, 2000).

[3] West v. Atkins, 487 U.S. 42, 48 (1988).

[4] A local governmental entity cannot be held liable for the actions of its employees under § 1983 based upon a theory of *respondeat superior*. However, a local government may be sued "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible for under § 1983." Plaintiff claims that "Defendant, Marion County, is liable for damages for the constitutional wrongs caused by the county's failure to train its employees in relevant aspects to the rights of its inhabitants." Putting aside the fact that the Plaintiff has failed to allege sufficient detail to support a claim for governmental liability, the Court need not discuss these deficiencies because Plaintiff has not, and cannot allege, a claim for a violation of his federal constitutional rights, an essential element of any claim against a governmental entity.

The Due Process Clause of the Fourteenth Amendment to the United States Constitution provides in relevant part, that no State may "[d]eprive any person of life, liberty, or property, without due process of law."[5] The Supreme Court has interpreted this clause as providing two types of constitutional protections - procedural and substantive due process. A violation of either may form the basis for a suit under 42 U.S.C. § 1983. [6]

"The substantive component of the Due Process Clause protects those rights that are fundamental, that is, rights that are implicit in the concept of ordered liberty."[7] The suspension of a driver's license issued and suspended under Florida law does not implicate any substantive due process rights.[8]

A violation of procedural due process occurs where the state fails to provide due process in the deprivation of a protected property or liberty interest.[9] While a property interest is implicated in the deprivation of a driver's license by a state,[10] "a procedural due process violation is not complete unless and until the State fails to provide due

---

[5] U.S. Const. Amend. XIV, § 1.

[6] McKinney v. Pate, 20 F.3d 1550, 1555 (11th Cir. 1994) (en banc).

[7] *Id.* at 1556.

[8] Most of the rights enumerated in the Bill of Rights, as well as certain unenumerated rights, such as the right to privacy, merit protection. McKinney at 1556. Moreover, substantive rights, as here, created only by state law are not subject to substantive due process protection under the Due Process Clause because substantive due process rights are created only by the Constitution. *Id.* Consequently, state law created rights may be rescinded so long as the elements of procedural - and not substantive - due process are observed. *Id.*

[9] McKinney at 1557.

[10] *See,* Dixon v. Love, 431 U.S. 105, 112 (1977); Bell v. Burson, 402 U.S. 535, 539 (1971)("Suspension of [drivers' licenses] ... involves state action that adjudicates important interests of the licensees. In such cases the licenses are not to be taken away without the procedural due process required by the Fourteenth Amendment.")..

process."[11] It is not the deprivation of a protected interest that causes a violation, but rather, "[i]t is the state's failure to provide adequate procedures to remedy the otherwise procedurally flawed deprivation of a protected interest that gives rise to a federal procedural due process claim."[12] Accordingly, "only when the state refuses to provide a process sufficient to remedy the procedural deprivation does a constitutional violation actionable under 1983 arise."[13] Consequently, where adequate state remedies are available but a plaintiff does not avail himself of them, a plaintiff "cannot rely on that failure to claim that the state deprived [him] of procedural due process."[14]

The Plaintiff has not alleged - nor can he - that he was not provided with state remedies to address the suspension of his license. Indeed, the documents attached to Plaintiff's complaint clearly and unambiguously disclose that the Plaintiff was provided with notice and an opportunity to challenge the suspension of his license. The "Order of License Revocation, Suspension, Or Cancellation,"("Order of Suspension") dated February 23, 2007 issued by the State of Florida, Division of Driver's Licenses, a copy of which is attached to Plaintiff's Complaint as exhibit "C," notified Plaintiff that his driving privilege was not suspended until twenty days later on March 15, 2007. Further, the Order of Suspension expressly states that the Plaintiff could avoid suspension by meeting the requirements of the Court that issued the order. As such, Plaintiff was

---

[11] McKinney, 20 F.3d at 1557.

[12] Cotton v. Jackson, 216 F.3d 1328, 1331 (11th Cir. 2000); McKinney, at 1557

[13] T & A Utilities v. Panama City, 1997 WL 151045, *4 (N.D. Fla. January 22, 1997)( In particular, "[b]efore seeking a remedy for an alleged due process violation in federal court, a plaintiff is obliged to avail itself of state remedies or show that the state deprived it of redress." ) (citing Tinney v. Shores, 77 F.3d 378, 382 (11th Cir. 1996).

[14] Cotton at 1331.

provided with both prior notice and an opportunity to comply.

The notice provided to Plaintiff in the Order of Suspension does not stop there. The Order of Suspension goes on to advise Plaintiff that "if you believe that you have any legal basis to show cause why this action [suspension of driving privileges] is unjustified you may request an administrative hearing at which time any argument, other than the validity of the conviction, may be presented to a hearing officer for review." Consequently, the documents filed by Plaintiff evidence that he was not only provided with notice of the suspension but also with notice of the available state administrative procedures and remedies he could have pursued to address the suspension. Accordingly, because Plaintiff has failed to allege that the state failed or refused to provide him with any procedures to challenge the suspension of his driving privileges (or even that he pursued those available procedures), the Plaintiff has failed to state a claim for a procedural due process violation.

Moreover, Plaintiff is not permitted to proceed with his claim for damages at this juncture because his complaint calls into play the validity of the county court traffic judgment, which ordered Plaintiff to attend driver improvement school. Plaintiff's driving privilege was suspended because he failed to attend driver improvement school, as ordered by the judge or hearing officer in county court. Although the complaint does not disclose whether Plaintiff was or was not successful in his appeal of the traffic conviction that resulted in the suspension of his driving privilege, dismissal of this case is required based upon *Heck v. Humphrey*,[15] which holds that an action under section 1983 is not cognizable unless and until the sentence or conviction is "reversed on direct

---

[15] 512 U.S. 477 (1984).

appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus."[16] If the Court was to conclude that the suspension of Plaintiff's driving privilege was improper it would call into question the validity of the county court traffic conviction, and thus implicate *Heck*. Accordingly, independent of the fact that Plaintiff has failed to state a cause of action, his complaint is, nonetheless, due to be dismissed without prejudice until such time as he has invalidated the traffic conviction in state court.

### III.  RECOMMENDATION

In view of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's Motion To Proceed *In Forma Pauperis* (Doc. 2) should be **DENIED** and Plaintiff's Complaint (Doc. 1) should be **DISMISSED** for failure to state a claim upon which relief may be granted.

**IN CHAMBERS** in Ocala, Florida, on November 27, 2007.

*signature*
GARY R. JONES
United States Magistrate Judge

Copies to:
    The Honorable Wm. Terrell Hodges
    Senior United States District Judge

    *Pro Se* Plaintiff

---

[16] *Id.* at 487.